UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20726-CIV-COHN
      (03-20441-CR-COHN)
MAGISTRATE JUDGE P. A. WHITE

FELIX SUAREZ,                :

      Movant,          :

v.                   :      SUPPLEMENTAL REPORT OF
                          MAGISTRATE JUDGE

UNITED STATES OF AMERICA,  :

      Respondent.    :
_____

Felix Suarez, a federal prisoner currently confined at the Federal Correctional Camp in Coleman, Florida, filed a pro se motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence imposed pursuant to a guilty plea in Case No. 03-20441-Civ-Cohn.

Suarez filed a motion to vacate raising several claims, including a claim of ineffective assistance of counsel for failing to file a notice of appeal after being requested to do so. The motion was denied following report and recommendation, because Suarez knowingly and voluntarily waived his right to appeal pursuant to a plea agreement. The report was adopted and the case closed on October 7, 2005. Suarez appealed.

The Eleventh Circuit remanded the matter for an evidentiary hearing on the issue of whether counsel was per se ineffective for failing to file a direct appeal upon request, upon the government's concession of error based upon Gomez-Diaz v. United States, 433 F.3d 788 (11 Cir. 2005), wherein the appellate court held that where the defendant has not waived **all** of his appellate rights, if the evidence shows that he had asked his attorney to appeal, he is

entitled to an appeal.  The decision was rendered on December 20, 2005, after the entry and adoption of the report and recommendation.

Following remand, this Cause was referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  An evidentiary hearing was scheduled.  However, it was cancelled upon the government's concession that a hearing was not necessary.

Suarez is before the Court on the sole claim that he received ineffective assistance of counsel when counsel failed to file or perfect an appeal after being requested to do so.

Suarez pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess fifteen or more devices which are unauthorized and counterfeit access devices and to possess device-making equipment, in violation of 18 U.S.C. §1029(b)(2). Cr. DE# 26).  Pursuant to the plea agreement, Suarez entered a "sentencing appeal waiver" and waived his right to appeal. (Id.). Suarez subsequently filed objections to the presentence investigation report, arguing that he should have received a reduction both for his minor role in the offense and the overstatement of his criminal activity and also arguing that the amount calculated as loss was arbitrary. (Cr. DE# 166).  The Court sentenced him to 70 months imprisonment, followed by two years of supervised release.  (Cr. DE# 187).  Suarez did not appeal, but filed a timely motion to vacate.

Suarez argues in his first claim that he received ineffective assistance of counsel when counsel failed to file a notice of appeal after being requested to do so.

When a defendant alleges that "counsel is ineffective for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other," the Court must engage in the following inquiry. First, determine whether counsel actually consulted with the defendant about an appeal. If so, counsel is only ineffective if he failed to file an appeal after being requested to do so. <u>Roe v. Flores-Ortega</u>, 120 S.Ct. 1029 (2000).

If counsel has not consulted with the defendant about the advantages and disadvantages of prosecuting a direct appeal, then a second question must be asked: whether counsel's failure to so consult constitutes deficient performance. <u>Id</u>. at 33. Counsel's performance is deemed deficient when "there is reason to think either (1) that a rational defendant would want to appeal (for example when there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." <u>Id</u>. at 34-35. The Court notes that a "highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea," but cautions that all relevant factors must be examined, and expects that in the "vast majority of the cases," courts will find "that counsel had a duty to consult with the defendant about an appeal." <u>Id</u>. at 35, 36.

The Eleventh Circuit Court of Appeals recently decided <u>Thompson v. United States</u>, 481 F.3d. 1297 (11 Cir. 2007), and clarified the extent to which counsel must consult with a client regarding the right to appeal. The Court held that counsel's

failure to meaningfully consult with a client regarding his appeal constitutes ineffective assistance of counsel.

The government has moved to cancel the evidentiary hearing, stating that "[t]he only contested factual issues are whether Movant asked that an appeal be filed and whether counsel meaningfully consulted with the defendant regarding his appellate rights.  If the Court finds that he did ask, the motion would be granted.  If the Court finds that he did not ask, the United States concedes that it could not prove the requisite consultation, so the motion would be granted.  Hence, there is no further need for an evidentiary hearing.  The remedy in such a situation is to permit the Movant an out-of-time appeal.  See United States v. Montemoino, 68 F.3d 416, 417-18 (11 Cir. 1995)"  (DE# 39).

The government has not proffered the substance of defense counsel's testimony concerning his consultation with Suarez. However, because the government has considered that testimony and concluded that Suarez' claim is meritorious, the undersigned recommends that relief be granted.

It is therefore recommended that the motion to vacate be granted to the extent that Suarez be given the opportunity to appeal the original judgment.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed in chambers at Miami, Florida, this 20th day of June, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Janice Bergman, Esq.
      Assistant Federal Public Defender

      Daniel Bernstein, Esq.
      Assistant United States Attorney

      Felix Suarez, <u>Pro Se</u>
      Reg. No. 69791-004
      FDC - Miami
      P. O. Box 019120
      Miami, FL 33101-9120