UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-20726-CIV-COHN/WHITE
(03-20441-CR-COHN)

FELIX SUAREZ,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

### ORDER DENYING MOVANT'S REQUEST TO BE RE-SENTENCED WITH CONSIDERATION GIVEN TO THE *BLAKELY* AND *BOOKER* DECISIONS

**THIS CAUSE** is before the Court upon Movant Felix Suarez's Motion for Reconsideration [DE 44], in which Mr. Suarez requests that the Court re-sentence him pursuant to the Blakely and Booker decisions, which were decided in the time that elapsed since Mr. Suarez's original sentencing in March 2004. The Court has considered Mr. Suarez's arguments, as well as the Government's Response [DE 49], and is otherwise fully advised in the premises.

In this Motion, Mr. Suarez argues that the standard procedure of vacating the prior criminal judgment, reimposing the same sentence, and advising the Defendant of his right to appeal, as set out by the Eleventh Circuit in United States v. Phillips, should not be followed in this case. See 225 F.3d 1198 (11th Cir. 2000). Rather, he argues, this Court should conduct a wholly new sentencing hearing and consider the effect of the Booker and Blakely decisions before re-sentencing him. Although acknowledging that United States v. Phillips specifically provides that the court should reimpose the

original sentence in this circumstance, 225 F. 3d at 1201, Mr. Suarez argues that the Eleventh Circuit decided Phillips before the Booker and Blakely decisions, and thus could not have contemplated the effect of those decisions in reaching this holding. Mr. Suarez contends that it would be plain error to reimpose a sentence that was determined under pre-Booker rules. The Court is not persuaded, and concludes that it must re-impose the same sentence that was previously imposed on Mr. Suarez.

The purpose of the remedy set out in Phillips is to "put [the defendant] back in the position he would have been in had his lawyer filed a timely notice of appeal." McIver v. United States, 307 F.3d 1327, 1331 (11th Cir. 2002) (*quoting* In re Goddard, 170 F.3d 435, 437 (4th Cir. 1999)). Re-sentencing Mr. Suarez under new legal standards would not put him back in the position he would have been had his lawyer filed a timely notice of appeal. To do so would be contradictory to established law in the Eleventh Circuit.

Furthermore, the re-imposition of Mr. Suarez's previous sentence without consideration of Blakely and Booker is not plain error. Mr. Suarez cites to Griffith v. Kentucky for the proposition that new procedural rules for criminal prosecutions that represent a "clear break" with past precedent are to be applied retroactively to "all cases, state or federal, pending on direct review or not yet final." 479 U.S. 314, 328 (1987). However, this holding, by its own terms, applies only to cases "pending on direct review or not yet final," which Mr. Suarez's Motion is not. Indeed, Mr. Suarez would not have been permitted to file a Motion to Vacate under § 2255 were his case pending on direct review or otherwise not final. Accordingly, the Court does not find Griffith to be applicable. Furthermore, as the Government argues, Mr. Suarez has

2

failed to establish any prejudice that would be caused by reimposing his previously entered sentence, rather than re-sentencing him with consideration of the <u>Booker</u> and <u>Blakely</u> decisions.

The Court concludes that Mr. Suarez's request to be re-sentenced with consideration given to the <u>Booker</u> and <u>Blakely</u> decisions handed down since the imposition of his original sentence is unsupported by the law as it currently exists in the Eleventh Circuit and would be inconsistent with the purpose of the § 2255 remedy as articulated in <u>Phillips</u>, precedent that is binding on this Court.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Movant Felix Suarez's request to be re-sentenced with consideration given to the <u>Booker</u> and <u>Blakely</u> decisions, expressed in his Motion for Reconsideration [DE 44], is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of August, 2007.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record